FILED

2009 JUN -5 PM 2: 28

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

BY ______

C. Brooks Cutter, Esq. SBN 121407
E-mail: bcutter@kcrlegal.com
John R. Parker, Jr., Esq., SBN 261771
E-mail: jparker@kcrlegal.com
Kershaw Cutter & Ratinoff, LLP
401 Watt Avenue
Sacramento, CA 95864
Tel. 916-448-9800
Fax. 916-669-4499

Jack Silver, Esq. SBN 160575
E-mail: lhm28843@sbcglobal.net
Law Office of Jack Silver
Post Office Box 5469
Santa Rosa, CA 95402-5469
Tel. (707) 528-8175
Fax. (707) 528-8675

Attorneys for Plaintiffs

VIA FAX

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ENVIRONMENTAL WORLD WATCH, INC., DENNIS JACKSON, ROBERT HILL, ROBIN MCCALL, and WILLIAM MCCALL,

Plaintiffs,

v.

THE WALT DISNEY COMPANY, WALT DISNEY ENTERPRISES, INC., DISNEY WORLDWIDE SERVICES, INC., and DOES 1-30, Inclusive,

Defendants.

CASE NO. CV09-4045DDP PLAx

**COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL PENALTIES, RESTITUTION AND REMEDIATION**
**(Environmental - RCRA - 42 U.S.C. 6901 *et seq.*)**

NOW COMES Plaintiff, ENVIRONMENTAL WORLD WATCH and DENNIS JACKSON, ROBERT HILL, ROBIN MCCALL, WILLIAM MCCALL (hereafter, "PLAINTIFFS") by and through their attorneys, and for their Complaint against Defendants, THE WALT DISNEY COMPANY, WALT DISNEY ENTERPRISES, INC., DISNEY WORLDWIDE SERVICES, INC., and DOES 1-30, Inclusive (hereafter, "DEFENDANTS"), states as follows:

## I. NATURE OF THE CASE

1. This is a citizens' suit brought against DEFENDANTS under the citizen suit enforcement provisions of the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq*., (hereafter,"RCRA"), specifically Sections 7002(a)(1)(A), 42 U.S.C. § 6972(a)(1)(A) and 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B), to stop DEFENDANTS from repeated and ongoing violations of the RCRA. These violations are detailed in the Notice of Violations and Intent to File Suit dated May 22, 2009 (hereafter, "RCRA NOTICE"), and Supplement to same, dated May 29, 2009, a true copy and correct copy of which is attached hereto as EXHIBIT A and made part of these pleadings.

2. As described in EXHIBIT A and below, PLAINTIFFS allege that DEFENDANTS are in violation of a permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to the RCRA [42 U.S.C. § 6901 *et seq*.; 42 U.S.C. § 6972(a)(1)(A)].

3. As described in EXHIBIT A and below, PLAINTIFFS allege DEFENDANTS to be past or present generators, past or present transporters, or past or present owners or operators of a treatment, storage, or disposal facility, which has contributed or which is contributing to the past or present handling, storage, treatment, transportation, or disposal of a solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment.

4. PLAINTIFFS seek declaratory relief, injunctive relief to prohibit future violations, the imposition of civil penalties, and other relief for DEFENDANTS' violations of the RCRA's standards and regulations applicable to the use and storage of chromium VI

("Cr VI"), halogenated organic compounds trichloroethene ("TCE") and perchloroethylene ("PCE") or other pollutants, and for DEFENDANTS' violation of the RCRA's prohibition against creating an imminent and substantial endangerment to human health or the environment.

## II. PARTIES

5. Plaintiff Environmental World Watch, Inc., (hereinafter "EWW"), a Delaware Corporation, is a company dedicated to protecting the environment, promoting human health, and improving employee and consumer rights through civil enforcement of California's environmental protection laws. EWW is based in Los Angeles County and is registered as a Delaware corporation with the office of the California Secretary of State. EWW is acting in the public interest pursuant and is knowledgeable about the allegations contained herein. EWW has practiced a policy and posture of action for over ten years of alerting citizens to the provisions delineated in the Health and Safety Codes while seeking enforcement of the same.

6. PLAINTIFFS DENNIS JACKSON, ROBERT HILL, ROBIN MCCALL, and WILLIAM MCCALL live in Burbank, California, where the site or facilities which are the subject of these proceedings and are under DEFENDANTS' operation or control are located. PLAINTIFFS live in the immediate vicinity of waters and land affected by DEFENDANTS' illegal discharges. PLAINTIFFS have interests in the water and land, which are or may be adversely affected by DEFENDANTS' violations as alleged herein. PLAINTIFFS use the effected waters and land effected by DEFENDANTS violations and discharges as alleged herein, and their future lives will be less enjoyable as a result of DEFENDANT'S discharges of toxic chemicals in the immediate vicinity of their homes and daily lives. Furthermore, the relief sought will redress the injury in fact to PLAINTIFFS, and the likelihood of future injury and interference with the interests of PLAINTIFFS.

7. Defendants, THE WALT DISNEY COMPANY, DISNEY ENTERPRISES, INC., and DISNEY WORLDWIDE SERVICES, INC., were, and at all times herein

mentioned, are registered with the California Secretary of State as a Delaware Corporation with headquarters located at 500 South Buena Vista Street, Burbank, California. DISNEY was, and at all times herein mentioned is, the owner and operator of the Burbank Facility.

8. DEFENDANTS DOES 1 - 30, Inclusive, respectively are persons, partnerships, corporations or entities, who are, or were, responsible for, or in some way contributed to, the violations which are the subject of this Complaint or are, or were, responsible for the maintenance, supervision, management, operations, or insurance coverage of DEFENDANTS' facilities or operations on the site as identified herein. The names, identities, capacities, or functions of DEFENDANTS DOES 1 - 30, Inclusive are presently unknown to PLAINTIFFS. PLAINTIFFS shall seek leave of court to amend this Complaint to insert the true names of said DOES Defendants when the same have been ascertained.

## III. JURISDICTIONAL ALLEGATIONS

9. Subject matter jurisdiction is conferred upon this Court by RCRA § 7002(a)(1), 42 U.S.C. § 6972(a)(1), which states in part,

> ". . . any person may commence a civil action on his own behalf (A) against any person . . . who is alleged to be in violation of any permit, standard, regulation, condition requirement , prohibition or order which has become effective pursuant to this chapter, or (B) against any person . . . who has contributed or who is contributing to the past or present handling, storage, treatment, transportation or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment."

10. PLAINTIFFS DENNIS JACKSON, ROBERT HILL, ROBIN MCCALL, and WILLIAM MCCALL reside in the vicinity of, derive livelihoods from, own property near, or recreate on, in or near or otherwise use, enjoy and benefit from the watersheds, land, rivers, and associated natural resources into which DEFENDANTS pollute, or by which DEFENDANTS' operations adversely affect those PLAINTIFFS' interests, in violation of RCRA § 7002(a)(1)(A), 42 U.S.C. §6972(a)(1)(A) and RCRA § 7002 (a)(1)(B), 42 U.S.C.

§ 6972(a)(1)(B). The health, economic, recreational, aesthetic and/or environmental interests of PLAINTIFFS have been, are being, and will continue to be adversely affected by DEFENDANTS' unlawful violations as alleged herein. PLAINTIFFS contend there exists an injury in fact, causation of that injury by the DEFENDANTS' complained of conduct, and a likelihood that the requested relief will redress that injury.

11. Pursuant to RCRA § 7002(2)(A), 42 U.S.C. §6972(2)(A), PLAINTIFFS gave statutory notice of the RCRA violations alleged in this Complaint prior to the commencement of this lawsuit to: (a) DEFENDANTS, (b) the United States Environmental Protection Agency, both Federal and Regional, (c) the State of California Water Resources Control Board, and (d) the State of California Integrated Waste Management Board.

12. Pursuant to RCRA §§ 7002(a) and (b), 42 U.S.C. §§ 6972(a) and (b) venue lies in this District as the site and operations under DEFENDANTS' ownership or control and where illegal activities occurred which are the source of the violations complained of in this action are located within this District.

## IV. STATEMENT OF FACTS

13. PLAINTIFFS are informed and believe, and on said information and belief allege that DEFENDANTS are past or present generators, past or present transporters, or past or present owners or operators of the Site or facility identified in EXHIBIT A, and have contributed or are contributing to the past or present handling, storage, treatment, transportation, or disposal of solid or hazardous waste which may present an imminent or substantial endangerment to health or the environment. Furthermore, PLAINTIFFS are informed and believe, and on said information and belief allege that DEFENDANTS' handling, use, transport, treatment, storage or disposal of waste at the Site or facility identified in EXHIBIT A has and continues to violate permits, standards, regulations, conditions, requirements or prohibitions effective pursuant to RCRA regarding hazardous and/or solid waste. [42 U.S.C. §§ 6972(a)(1)(A) and (B)]. PLAINTIFFS are informed and believe, and on said information and belief allege that DEFENDANTS have no RCRA-

authorized permits authorizing the activities related to hazardous wastes described in EXHIBIT A.

14. Regulatory agencies have designated surface and ground waters in this area of California as capable of supporting multiple beneficial uses including domestic water supply, and have established Maximum Contaminant Levels ("MCLs") and Water Quality Objectives ("WQOs") for these pollutants in surface and ground waters.

15. Cr VI, PCE and TCE are known carcinogens or reproductive toxins, and have been listed chemicals under Proposition 65. Surface and ground water at and around the Site and facility identified in EXHIBIT A are potential sources of drinking water under applicable Regional Water Quality Control Board Plans (aka Basin Plans). PLAINTIFFS are informed and believe, and on said information and belief allege that DEFENDANTS in the course of doing business have discharged Cr VI, PCE, TCE and other pollutants to surface and ground water at and around the Site and facility as discussed in EXHIBIT A.

16. PLAINTIFFS are informed and believe, and on said information and belief allege that DEFENDANTS' handling, use, transport, treatment, storage or disposal of pollutants at the Site or facility identified in EXHIBIT A has occurred in a manner which has allowed significant quantities of hazardous constituents to be discharged to soil, groundwater, and surface waters beneath and around the Site and beneath and around adjacent properties as well as off site as far as the Los Angles River.

17. PLAINTIFFS are informed and believe, and on said information and belief allege that to date, the levels of pollutants remain high above the allowable MCLs or WQOs for said constituents, creating an imminent and substantial endangerment to public health or the environment.

18. PLAINTIFFS are informed and believe, and on said information and belief allege that the activities of DEFENDANTS as alleged in EXHIBIT A have been both knowing or intentional. PLAINTIFFS are informed and believe, and on said information and belief allege that DEFENDANTS have or are intentionally and illegally continuing to discharge hazardous waste in violations of RCRA. PLAINTIFFS are informed and

believe, and on said information and belief allege that DEFENDANTS have known of the contamination at the Site or facility identified in EXHIBIT A for at least 10 or more years, and/or are also aware that continuing discharges or failure to remediate the pollution allows the contamination to migrate through the ground or groundwater at or adjacent to said Site, or to continually contaminate or re-contaminate actual or potential sources of drinking water as well as groundwater or surface waters.

19. Violations of this or other statutes as alleged in this Complaint are a major cause of the continuing decline in water quality, or a continuing threat to existing or future drinking water supplies in Southern California. With every discharge, ground and surface water supplies are contaminated. These discharges can or must be controlled in order for the ground and surface water supply to be returned as a safe source of drinking water.

## V. FIRST CLAIM FOR RELIEF

### Violation of 42 U.S.C. § 6972(a)(1)(A)

20. PLAINTIFFS incorporate the allegations set forth above in paragraphs 1 through 19 and EXHIBIT A, as though fully set forth herein. PLAINTIFFS are informed or believe, or based on such information or belief allege as follows:

21. RCRA § 7002(a)(1)(A), [42 U.S.C. § 6972(a)(1)(A)] provides that any person may commence a civil action against any person or governmental entity alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to the RCRA. Civil penalties may be assessed against any person or entity in violation of such permits, etc. pursuant to the RCRA under the provisions of 42 U.S.C. §§ 6928 (a) or (g).

22. PLAINTIFFS are informed and believe, and on said information and belief allege that DEFENDANTS have failed to comply with the statutory or regulatory prevention, detection, monitoring, or remediation requirements imposed under the RCRA or described in the RCRA Notice attached as EXHIBIT A.

23. PLAINTIFFS are informed and believe, and on said information and belief allege that DEFENDANTS have no permit issued under the RCRA or by the state of

California for the use, handling, storage, transportation, disposal or treatment of hazardous or solid waste at the Site or facility identified in EXHIBIT A.

24. PLAINTIFFS are informed and believe, and on said information and belief allege that DEFENDANTS' operations at the Site or facility identified in EXHIBIT A include unlawful open dumping as that term is used in the RCRA, by discharging pollutants including Cr VI, PCE, TCE, other solvents or toxic metals to the open ground allowing these pollutants to discharge to both groundwater or surface waters. The Site identified in EXHIBIT A does not qualify as a landfill under 42 U.S.C. § 6944, or does not qualify as a facility for the disposal of hazardous waste.

25. PLAINTIFFS are informed and believe, and on said information and belief allege that DEFENDANTS are in violation of Subtitle C of the RCRA (42 U.S.C. § 6921 *et seq*.) by failing to properly: identify, label or list hazardous materials; keep records of their hazardous waste activities including their use, handling, storage, transportation or treatment of hazardous or solid waste; take proper measures to protect human health or the environment; monitor their activities; or, acquire RCRA-authorized permits.

26. PLAINTIFFS are informed and believe, and on said information and belief allege that DEFENDANTS have in the past or are knowingly now transporting, treating, storing, disposing of or exporting hazardous waste identified or listed under RCRA Subtitle C.

27. DEFENDANTS' knowing transport, treatment, storage, disposal or exporting of hazardous waste identified or listed under RCRA Subtitle C places persons in imminent danger of death or serious bodily injury.

28. The continuing activities by DEFENDANTS as alleged herein irreparably harm PLAINTIFFS, for which harm PLAINTIFFS have no plain, speedy, or adequate remedy at law.

Wherefore, PLAINTIFFS pray judgment against DEFENDANTS as set forth hereafter.

## VI. SECOND CLAIM FOR RELIEF

### Violation of 42 U.S.C. § 6972(a)(1)(B)

29. PLAINTIFFS incorporate the allegations set forth above in paragraphs 1 through 28 and EXHIBIT A as though fully set forth herein. PLAINTIFFS are informed or believe, or based on such information or belief allege as follows:

30. RCRA § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B), provides that any person may commence a civil action against any person or governmental entity including a past or present generator, transporter, owner or operator of a treatment, storage or disposal facility who has contributed to the past or present storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or to the environment. Civil penalties may be assessed against any person or entity in violation of this section, under the provisions of RCRA, 42 U.S.C. §§ 6928 (a) or (g).

31. The aforementioned pollutants are known carcinogens or reproductive toxins, or when released into the environment in sufficient quantity pose an imminent or substantial risk to public health or to the environment in general. PLAINTIFFS are informed and believe, and on said information and belief allege that amounts of Cr VI, PCE, TCE other toxic metals or other pollutants used, handled, stored, transported, disposed of or treated by DEFENDANTS is in sufficient quantity to pose an imminent or substantial risk to both the environment or to human health.

32. PLAINTIFFS are informed and believe, and on said information and belief allege that DEFENDANTS are of the class of entities covered by this section of the RCRA. DEFENDANTS are past or present generators, past or present transporters, or past or present owners or operators of a treatment, storage, or disposal facility, which has contributed or is contributing to the past or present storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment.

/ / /

33. PLAINTIFFS are informed and believe, and on said information and belief allege that DEFENDANTS are in violation of RCRA Subtitle C (42 U.S.C. § 6921 *et seq.*) by failing to properly: identify, label or list hazardous materials; keep records of their hazardous waste activities including their use, horling, storage, transportation or treatment of hazardous or solid waste; take proper measures to protect human health or the environment; monitor their activities; or, acquire RCRA-authorized permits. DEFENDANTS' violations of RCRA Subtitle C may and do present imminent and substantial risk to both the environment or to human health.

34. DEFENDANTS' knowing transport, treatment, storage, disposal or exporting of hazardous waste identified or listed under RCRA Subtitle C places persons in imminent danger of death or serious bodily injury.

35. PLAINTIFFS are informed and believe, and on said information and belief allege that continuing acts or failure to act by DEFENDANTS to address these violations will irreparably harm PLAINTIFFS for which harm they have no plain, speedy, or adequate remedy at law.

Wherefore, PLAINTIFFS pray judgment against DEFENDANTS as set forth hereafter.

## VII. PRAYER FOR RELIEF

PLAINTIFFS pray this Court grant the following relief:

36. Declare DEFENDANTS to have violated or to be in violation of the RCRA;

37. Enjoin DEFENDANTS from continued violations of the RCRA;

38. Order DEFENDANTS to fully remediate all of the damages caused by their violations of RCRA;

39. Order DEFENDANTS to pay civil penalties on a per violation per day for their violations of RCRA;

40. Order DEFENDANTS to pay PLAINTIFFS' reasonable attorneys' fees or costs (including expert witness fees), as provided by law; or, grant such other or further relief as may be just or proper.

Dated: June 4, 2009

KERSHAW, CUTTER & RATINOFF

By: ______________ (FOR)
C. Brooks Cutter
Attorneys for Plaintiffs

EXHIBIT A




May 22, 2009

***VIA REGISTERED MAIL - RETURN RECEIPT***

TO: Robert Iger, President
THE WALT DISNEY COMPANY,
a Delaware Corporation
500 South Buena Vista Street
Burbank, CA 91521

DISNEY ENTERPRISES, INC.
500 South Buena Vista Street
Burbank, CA 91521

DISNEY WORLDWIDE SERVICES, INC.
500 South Buena Vista Street
Burbank, CA 91521

Re: Notice of Violations and Intent to File Suit under the Resource Conservation and Recovery Act

Dear Mr. Iger:

**NOTICE**

The Federal Resource Conservation and Recovery Act ("RCRA") 42 U.S.C. § 6901 et seq., requires that 60 days prior to the initiation of an action for violation of a permit, standard, regulation, condition, requirement, prohibition or order effective under the RCRA, a private party must give notice of the violation to the alleged violator, the Administrator of the Environmental Protection Agency and the State in which the violation is alleged to have occurred. If the violator is a State or local agency, service of notice shall be accomplished by registered mail addressed to, or by personal service upon, the head of such agency. If the alleged violator is an individual or corporation, service of notice shall be accomplished by registered mail addressed to, or by personal service upon, the owner or site manager, with a copy sent to the registered agent of the corporation. *See* 42 U.S.C. § 6972(b)(1)(A).

RCRA also requires that a private party provide 90 days prior notice to the alleged violator, the Administrator of the Environmental Protection Agency and the State in which the violation is alleged to have occurred before initiating an action which alleges violations

resulting in imminent and substantial endangerment to human health or the environment. *See* 42 U.S.C. § 6972(b)(2)(A). However, such an action may be brought immediately after such notification when a violation of Subtitle C of RCRA is alleged.

Subtitle C of RCRA requires hazardous waste to be tracked from the time of its generation to the time of its disposal, and further requires that such waste not be disposed of in a manner that may create a danger to human health or to the environment. As discussed below, The Walt Disney Company and related entities (Disney) operates an illegal, non-permitted hazardous waste treatment, storage and disposal facility. Disney has either failed to properly label, track and/or report the type, quantity, or disposition of waste from that facility, or have failed to use a manifest system to ensure the waste generated is properly handled, stored, treated, or disposed of. Disney is disposing wastes off-site without compliance with either the various requirements under the RCRA or with the State of California's hazardous waste requirements authorized under the RCRA. Disney's mishandling of wastes in violation of Subtitle C of RCRA was, and is, creating an imminent and substantial endangerment to human health or the environment.

Kershaw, Cutter & Ratinoff, LLP as well as Environmental World Watch, Inc., and Individual Complainants, (hereafter "EWW and Individual Complainants") allege violations of Subtitle C with regard to both a violation of a permit, standard, regulation, condition, requirement, prohibition, or order effective under RCRA, as well as for an imminent and substantial endangerment to human health or the environment.

On behalf of EWW and Individual Complainants, Kershaw, Cutter & Ratinoff, LLP hereby provides statutory notification to Disney, previously described in the headline by its alter ego entities, collectively referred to hereafter as "Polluters," of Polluters' continuing and ongoing violations of RCRA.

Under RCRA, notice to a violator regarding an alleged violation of a permit, standard, regulation, condition, requirement, or order which has become effective under RCRA shall include sufficient information to permit the recipient of the notice to identify the permit, standard, regulation, condition, requirement, or order which has allegedly been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the date or dates of the violation (or reasonable range), and the full name, address, and telephone number of the person giving notice, EWW and Individual Complainants therefore provide the following information:

**1. The standard, limitation, or order alleged to have been violated.**

RCRA, enacted in 1976, is a Federal law of the United States contained in 42 U.S.C. §§ 6901-6992k. Its goals are: to protect the public from harm caused by waste disposal; to encourage reuse, reduction, and recycling; and to clean up spilled or improperly stored wastes.

The Environmental Protection Agency's (EPA) waste management regulations are codified at 40 C.F.R. §§ 239-282. Regulations regarding management of hazardous waste begin at 40 C.F.R. § 260. Pursuant to RCRA, the State of California has enacted laws and promulgated regulations that are at least as stringent as the federal regulations.

Polluters' use and storage of waste at their treatment storage facility identified in the Background section of this Notice, and the disposal of those wastes as identified in this Notice has and continues to violate permits, standards, regulations, conditions, requirements and/or prohibitions effective pursuant to RCRA regarding hazardous waste. *See* 42 U.S.C. § 6972(a)(1)(A).

Polluters' operations at the facility identified in the Background section of this Notice have caused contamination of soil, groundwater, surface waters, and residential areas, which contamination presents an imminent and substantial endangerment to human health and the environment. Polluters own or operate discreet conveyances, preferential pathways, or wells, which have contributed to the transportation, treatment, storage, or disposal of the wastes at the identified facility. *See* 42 U.S.C. § 6972(a)(1)(B).

**2. The activity alleged to constitute a violation.**

Narratives are set forth below describing with particularity the activities leading to the violations alleged in this Notice. In summary, RCRA requires that the environment and public be protected from the hazardous wastes generated by Polluters. Pollutants including chromium (Cr VI), tetrachloroethylene (PCE), trichloroethylene (TCE), other solvents and toxic metals found at the facility identified in the Background section of this Notice constitute hazardous waste under RCRA, and are required to be managed so as to not cause endangerment to the public or the environment. RCRA specifically protects groundwater.

The liability of Polluters stems from either their ownership of the identified facility or activities conducted on the facility by Polluters which violate RCRA and have contributed to the past or present handling, storage, treatment, transportation, or disposal of any hazardous waste which may present an imminent and substantial endangerment to health

or the environment. EWW and Individual Complainants also allege Polluters to be in violation of a permit, standard, regulation, condition, requirement, prohibition, or order, which has become effective pursuant to RCRA. Polluters are guilty of open dumping, as that term is used in RCRA, by discharging pollutants including Cr VI, PCE, TCE, other solvents and toxic metals to the open ground, allowing these pollutants to discharge to both groundwater and surface waters. The facility identified in this Notice does not qualify as a landfill under 42 U.S.C. § 6944, and does not qualify as a facility for the disposal of hazardous waste.

Polluters have no RCRA-authorized permit for disposal, storage or treatment of solid or hazardous waste of the type currently and historically discharged at the identified facility.

The liability of Polluters also stems from their ownership or operation of discrete conveyances, preferential pathways or wells which have caused pollutants to be discharged to surface and groundwater via Polluters' conduits such as pipes, sewer lines, storm drains, utilities and the like, facilitating pollutant migration and discharge to waters of the State of California and the United States, and contributing to the past or present handling, storage, treatment, transportation, or disposal of any hazardous waste which may present an imminent and substantial endangerment to health or the environment.

**3. The discharger responsible for the alleged violation.**

The dischargers responsible for the alleged violations are the addressees of this Notice and the entities identified herein, collectively referred to as "Polluters" throughout this Notice.

**4. The date or dates of violation or a reasonable range of dates during which the alleged activities occurred.**

Polluters have been in continuous operation prior to the passage of RCRA and have been violating RCRA since it was passed. Disposition, discharge, and release of pollutants from the facility identified in the Background section of this Notice can be traced as far back as 1939. RCRA is a strict liability statute with a statute of limitations of 5 years; therefore, the range of dates covered by this Notice is May 22, 2004, through the date of this Notice letter. EWW and Individual Complainants will from time to time update and supplement this Notice to include all violations by Polluters which occur after the date of this Notice.

EWW and Individual Complainants have attached a list of dates for which illegal discharges have been recorded, including a description of the hazardous waste discharged. The majority of the remaining violations identified in this Notice such as: discharging pollutants to groundwater and surface waters; failure to obtain RCRA-authorized permits; failure to implement the requirements of RCRA; failure to properly label, track or report the type, quantity or disposition of waste; failure to use a manifest system to ensure waste generated is properly handled, stored, treated or disposed of; and, failure to meet water quality objectives, are continuous. Therefore, each day is a violation, EWW and Individual Complainants believe all violations set forth in this Notice are continuing in nature or will likely continue after the filing of a lawsuit. Other than provided in this Notice, specific dates of the other violations are evidenced in Polluters' own records (or lack thereof) or files and records of other agencies including the Regional Quality Control Board, GeoTracker, Los Angeles County Health and local police and fire departments

**6. The person(s) giving this Notice are EWW and Individual Complainants.**

A list of EWW and Individual Complainants is attached to this Notice as Attachment A and fully incorporated herein. EWW and Individual Complainants may be contacted through their agent and representative Kershaw, Cutter & Ratinoff, LLP, 401 Watt Avenue, Sacramento, CA 95864, Tel. 916-448-9800, Fax 916-669-4499, www.kcrlegal.com.

## BACKGROUND

Polluters have operated a 50-acre film production, broadcast, and office facility (the "Facility") at 500 South Buena Vista, Burbank, California since approximately 1938. Polluters have released polluted waste air-cooling water from their on-going business activities at the Facility since approximately 1939. The source of this discharge water was Polluters' air-cooling system, which pumped groundwater from the Facility and discharged the spent water after a "one use" through "well water disposal lines" and pipes. Polluters, over the years, added various chemical compounds to these cooling waters to abate corrosion and scaling of the entire pipe infrastructure, and specifically added a mixture of protective chemicals containing potassium dichromate and sulfamic acid in crystalline form to the cooling water to prevent rust scaling and aid in water solubility to further accomplish these protective goals. As a result, the Cr VI contamination caused by Polluters has resulted in the chemical preservation of Cr VI in the land, water, and air surrounding the Facility.

Discharges at the east property line of the Facility traveled through three discharge pipes at Keystone Street in Burbank, California. These "Keystone Street" pipes emptied large quantities of polluted waste air-cooling water into the street at the intersection of Keystone and Parkside on a daily basis where it traveled down the adjacent streets, on Parkside to Parish Place, and on Keystone directly south, and into the City of Los Angeles' Polliwog Park. These three pipes were never abandoned and they emptied and continue to empty today into another pipe built under the originally illegal discharge intersection of Keystone and Parkside.

The polluted water, containing the previously-identified pollutants which either illegally discharged to storm drains connected to waters of the United States, or collected and pooled at Polliwog Park and later percolated down into the aquifer. Further polluted water from said discharge pipes seeped, spilled or otherwise was routed by Polluters into local Burbank City catch basins, which emptied into waters of the State of California and the United States.

The spent Cr VI compounds were discharged to Keystone Street on a daily basis. Discharges continued even after the prohibition for use of Cr VI compounds in comfort air-cooling systems effective May 18, 1990 (Title 40 Part 749.68).

These discharges by Polluters have permanently contaminated Polliwog Park. These releases of polluted discharge waters continue to pass onto land and into waters of the United States as well as recognized sources of drinking water. Tests show contamination at the Polliwog Park property and the 11-acre Polliwog parcel to be contaminated to a tested depth of at least 25 feet. It is likely the pollutants are at a much greater depth due to aquifer influences. Ongoing testing of the Polliwog parcel and of residences adjacent to Polliwog Park reveal that dirt dust, particulates, fine chemical dry sludges and micro-fine particles [<1 ug] of the same contamination have migrated off the Polliwog property. These discharges have endangered and continue to endanger drinking water supplies in and around Polliwog Park.

This damage to the Park has also created a danger to adjacent residences by the existence of Cr VI in fine particulates on the Park surfaces. Exposures to Cr VI occur when persons exercise their horses or dogs, or walk and run on the Polliwog property. These five pollutants, containing Cr VI, have blown away, been attached to human clothing, shoes, and hair, horse's hooves and coats, dog's paws and fur, and other materials to such an extent that anyone or anything walking on or utilizing the Polliwog parcel in any way will be exposed to pollutants, including Cr VI, and will then carry residues away from the property causing the further migration of the pollutants and the further and ongoing

exposures as alleged in this Notice.

There is a further danger in and near the homes of individual residents of the Rancho neighborhood in Burbank, which may also include other yet unknown innocent and unknowledgeable persons who walk on, ride on, or otherwise utilize the vacant 11-acre Polliwog parcel for recreation and enjoyment.

When the Clean Water Act permit requirement for discharged wastewater was passed in 1974, Polluters made no effort to obtain such a permit. When the Clean Air Act regulations were passed in 1987 requiring toxic air release reporting to South Coast Air Quality Management District, Polluters made no effort to inform the District they were releasing groundwater, which contained hazardous air pollutants, into the air.

Polluters failed to curtail the use of groundwater as air-cooling water and continued their practice of knowingly disposing of carcinogenic and human reproductive toxic chemicals into the surrounding densely residential neighborhood surrounding the Facility. This water was inhaled, walked in, and played in by humans, and their pets, for several decades without any warning or disclosure as later required by law.

In 1991, Polluters (along with approximately 2,500 other Valley companies with EPA industrial permits), received a letter demanding information about hazardous releases to the environment, and specifically to groundwater, soil or air. Polluters concealed their long practiced and non-permitted discharges as described in this Notice, as the revelation would have subjected Polluters to regulatory fees and fines owed to the State of California, its regulatory agencies and political subdivisions, as well as subjecting them to health danger disclosure requirements enacted by new environmental laws. Polluters made no health warnings as mandated by law, nor any disclosures to the EPA or the Regional Water Quality Control Board. Polluters did try to surreptitiously obtain a discharge permit in November 1991, but submitted a permit application void of pertinent information and information required by law. A request by the Regional Water Quality Control Board to reveal this exact information and the disclosure of decades of dangerous and negligent conduct was met with stonewalling on the part of Polluters.

On or about April 2, 2007, the EPA sent Polluters a second CERCLA § 104(e) demand letter which now included the request for information about "chromium," as well as TCE and PCE. In response to this request, and in order to avoid paying fees and penalties owed to the State of California, Polluters failed to disclose their use and discharge of Cr VI or the environmental contamination caused by Polluters' discharge of Cr VI.

Conduits owned or operated by Polluters such as sewer, utilities, waters, roads, storm water system, and other services act as discrete conveyances and preferential pathways and have contributed to the transport, storage or treatment of hazardous waste. EWW and Individual Complainants believe these preferential pathways have allowed pollutants to be carried off site from the Facility to Individual Complainants' residences and property, as well as to waters of the State of California and the United States.

The Walt Disney Company prides itself on its environmentally responsible behavior, as can be found on its Web site:

> The Walt Disney Company, whose rich environmental legacy spans more than 60 years, is a pioneer among American companies in thinking about, and caring for, the planet. Through the years, Disney has launched a variety of resource conservation initiatives in addition to programs that educate guests on the importance of a healthy environment. Most recently, Disney introduced new goals in the areas of waste, carbon emissions, energy, water, ecosystems and inspiration to substantially reduce its impact on the environment and further enact environmentally responsible behavior among employees, guests, consumers and business partners, [see http://corporate.disney.go.com/responsibility/environment.html]

Therefore, the actions of pollution as described in this Notice, Polluters' denial that the pollution is taking place, and their vigorous litigation of any claims of pollution are completely at odds with their own stated policies.

## CONTINUING VIOLATIONS

The geomorphology of the area around the Facility indicates the existence of numerous sand or gravel lenses, which are known to be conduits and can cause significant off site migration of pollutants. The plume mass at the Facility has been migrating for decades, contaminating new sources of drinking water, new aquifers, private property, waters of the State of California, waters of the United States, groundwater and surface waters. EWW and Individual Complainants take the position that adequate monitoring should be conducted throughout the entire effected area. In general, EWW and Individual Complainants believe remediation must be conducted proactively to remove existing threats both to the environment and to individuals who live in the area of the Facility.

Pollutants have been discharged from the Facility to Individual Complainants'

residential or recreational areas for decades as well. As a direct result of Polluters' violations of the RCRA, Individual Complainants have suffered loss of property value and habitability, and have experienced numerous adverse health affects, including cancer, auto immune disease, skin lesions, contact dermatitis, respiratory ailments, organ dysfunction, eye ailments, nervous disorders, systemic problems, sleep disturbance, emotional distress, and reproductive problems, including miscarriages.

Discharges by Polluters continue to this day, as do the adverse effects of prior discharges. As required by the RCRA and California's implementation of the RCRA, Polluters have: failed to prevent a release, failed to properly detect and monitor releases, failed to properly report and keep records of releases, and failed to take proper corrective action. Polluters continue to discharge pollutants to groundwater and surface waters, and have failed to obtain RCRA-authorized permits, implement the requirements of the RCRA, meet water quality objectives, properly label, track or report the type, quantity or disposition of the waste or use a manifest system to ensure that the waste generated is properly handled, stored, treated or disposed of. All of these violations are ongoing.

Recent investigation results show the new pipe running under the discharge intersection of Keystone and Parkside is 48 inches in diameter, indicating planned and anticipated massive discharge. This pipe runs the exact route of the previous 50 plus years of residential discharges, except that it is now 8 feet underground, and goes under the Polliwog Park [which is already contaminated irreparably] and under the 134 Freeway and directly into the Los Angeles River and Waters of The United States. Test results from April 1, 2009, and every single day thereafter reveal Cr VI residues and Cr VI contaminated water with concentrations of one or both exceeding the applicable maximum contamination level. The test results for total chromium circa May 2009 indicate an alarming imminent danger, and reckless disregard for human life.

## REGULATORY STANDARDS

Maximum Contamination Levels (MCLs) and Water Quality Objectives (WQOs) exist to ensure protection of the beneficial uses of water. Several beneficial uses of water at the effected area exist, and the most stringent water quality objectives for protection of all beneficial uses are selected as the protective water quality criteria. Alternative cleanup and abatement actions need to be considered which evaluate the feasibility of, at a minimum:

(1) cleanup to Background levels, (2) cleanup to levels attainable through application of best practicable technology, and (3) cleanup to protective water quality criteria levels. Existing and potential beneficial uses of area groundwater include domestic,

recreational, agricultural, industrial and municipal water supply.

The Regional Water Quality Control Board has adopted a Water Quality Control Plan or "Basin Plan", which designates all groundwater and surface water within the region as capable of supporting domestic water supply.

The pollutants at the Facility have been characterized as "hazardous waste" and "solid waste" within the meaning of the provisions of the RCRA. Accordingly, all regulatory mandates applicable to hazardous or solid waste apply to the use, storage and disposal of these constituents and products.

EWW and Individual Complainants allege Polluters to be in violation of a permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to the RCRA.

EWW and Individual Complainants allege Polluters to be past or present generators, past or present transporters, or past or present owners or operators of a treatment, storage, or disposal facility. EWW and Individual Complainants allege Polluters have contributed or are contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment.

Polluters are guilty of open dumping as that term is used in the RCRA by discharging pollutants including Cr VI, PCE, TCE, other solvents, and toxic metals to the open ground allowing these pollutants to discharge to both groundwater and surface waters. The Facility does not qualify as a landfill under 42 U.S.C. § 6944, and does not qualify as a facility for the disposal of hazardous waste. Polluters have no RCRA-authorized permit for disposal, storage or treatment of solid or hazardous waste of the type currently and historically discharged at the Facility.

Ongoing violations of the RCRA as described herein have occurred between May 15, 2004, and the date of this Notice. Polluters have threatened, caused, or permitted hazardous waste to be discharged or deposited at the Facility where it is, or probably will be, discharged into waters of the State of California or the United States and now creates, or threatens to create, a condition of pollution or nuisance. The discharge and threatened discharge of such waste is deleterious to the beneficial uses of water, and is creating and threatens to create a condition of pollution and nuisance which will continue unless the discharge and threatened discharge is permanently abated.

Past or current violations of the RCRA authorize the assessment of civil penalties. The enforcement provisions of 42 U.S.C. § 6928(g) provide for the payment of penalties when conditions of hazardous waste disposal have been alleged as in this Notice with respect to the Facility. Accordingly, under these provisions, persons or entities violating the RCRA are subject to substantial liability to the United States on a per-day basis.

Polluters' use and storage of wastes at the Facility between May 15, 2004, and the date of this Notice, have allowed significant quantities of hazardous constituents to be released or discharged into soil, surface and groundwater in violation of provisions of the RCRA and California hazardous waste regulatory programs.

Contaminant levels of Cr VI, PCE, TCE, in groundwater and soils at the Facility are significantly greater than the allowable MCL and WQO for said constituents. Cr VI, PCE, TCE, are known carcinogens or reproductive toxins. All are known to harm both plants and animals. In their concentrations at the Facility, these pollutants are creating an imminent and substantial endangerment to public health and the environment.

Although the RCRA is a strict liability statute, EWW and Individual Complainants believe the violations of the RCRA by Polluters alleged in this Notice are knowing and intentional in that Polluters in the past have used, stored, treated, transported and disposed of pollutants at the Facility which are known to contain hazardous substances, and in that Polluters have intended the acts described herein. Polluters have known of the contamination at the Facility since at least the 1970s, and have also known that failing to promptly remediate the pollution allows the contamination to migrate through soil and groundwater at and adjacent to the Facility, and to continually contaminate and re-contaminate actual and potential sources of drinking water in addition to surface waters.

As discussed herein, EWW and Individual Complainants are alleging violations of Subtitle C of the RCRA with regard to both violation of a permit, standard, regulation, condition, requirement, prohibition or order effective under the RCRA and for an imminent and substantial endangerment to human health or the environment.

Violations of the RCRA of the type alleged herein are a major cause of the continuing decline in water quality and pose a continuing threat to existing and future drinking water supplies of California. With every discharge, groundwater supplies are contaminated. These discharges can and must be controlled in order for the groundwater supply to be returned to a safe source of drinking water.

In addition to the violations set forth above, this Notice is intended to cover all

violations of the RCRA evidenced by information which becomes available to EWW and Individual Complainants after the date of this Notice, and seeks all penalties and other enforcement provisions related to such violations.

The violations of Polluters as set forth in this Notice affect the health and enjoyment of Individual Complainants who reside, work and recreate in the affected area. Individual Complainants use this watershed for domestic water supply, agricultural water supply, recreation, sports, residing, fishing, swimming, hiking, photography, nature walks and the like. Their health, property rights, use and enjoyment of this area are specifically impaired by Polluters' violations of the RCRA as set forth herein.

**CONTACT INFORMATION**

EWW and Individual Complainants have retained legal counsel to represent them in this matter. All communications should be addressed to:

C. Brooks Cutter, Esq.
John R. Parker, Jr., Esq.
Kershaw, Cutter & Ratinoff, LLP
401 Watt Avenue
Sacramento, CA 95864
Telephone - 916-448-9800
Facsimile - 916-669-4499

**CONCLUSION**

EWW and Individual Complainants believe this Notice sufficiently states the grounds for filing suit under the statutory and regulatory provisions of the RCRA. EWW and Individual Complainants intend to file suit against Polluters for each of the violations alleged in this Notice, and with respect to the existing conditions at the Facility.

EWW and Individual Complainants are willing to discuss effective remedies for the violations referenced in this Notice. If Polluters wish to pursue such discussions in the absence of extended litigation, they are encouraged to initiate such discussions immediately so that the parties might be on track to resolving the issues raised in this Notice before the time required for filing initial pleadings. EWW and Individual Complainants will not delay the progression of the lawsuit if discussions have not commenced by the time the responsive pleadings are required to be filed.

Very truly yours,

John R. Parker, Jr.

JRP:kg

cc: Administrator
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

Regional Administrator
U.S. Environmental Protection Agency, Region 9
75 Hawthorne Street
San Francisco, CA 94105

Executive Director
State Water Resources Control Board
P.O. Box 100
Sacramento, CA 95812-0100

Executive Director
California Integrated Waste Management Board
1001 "I" Street
Sacramento, CA 95814

Marsha L. Reed, Agent for Service
500 South Buena Vista Street
Burbank, CA 91521

Courtesy Copy:

Charity Gilbreth
Latham & Watkins
650 Town Center Drive, Suite 2000
Costa Mesa, CA 92626

May 22, 2009
Notice of Violations and Intent to Sue under Resource Conservation and Recovery Act

"Attachment A"

Environmental World Watch, Inc.
Dennis Jackson
Robert Hill
Robin McCall
William Wyatt McCall




May 29, 2009

***VIA REGISTERED MAIL-RETURN RECEIPT REQUESTED***

TO: Robert Iger, President
THE WALT DISNEY COMPANY,
A Delaware Corporation
500 South Buena Vista Street
Burbank, CA 91521

DISNEY ENTERPRISES, INC.
500 South Buena Vista Street
Burbank, CA 91521

DISNEY WORLDWIDE SERVICES, INC.
500 South Buena Vista Street
Burbank, CA 91521

Re: Notice of Violations and Intent to File Suit under the Resource Conservation and Recovery Act

Dear Mr. Iger:

This will supplement the Notice dated May 22, 2009, sent by my office on behalf of Environmental World Watch, Inc., Dennis Jackson, Robert Hill, Robin McCall, and William Wyatt McCall with the following discharge information:

| Date of Discharge | Location of Discharge | Contents of Discharge[1] |
|---|---|---|
| May 1, 2009 | Los Angeles River | Chrome VI |
| May 6, 2009 | Los Angeles River | Chrome VI |
| May 11, 2009 | Los Angeles River | Chrome VI |
| May 16, 2009 | Los Angeles River | Chrome VI |

[1] Chrome VI was found in samples taken on the dates identified herein at the discharge pipe terminus into the Los Angeles River. This discharge pipe runs from the intersection of Keystone and Parkside, immediately east and adjacent to the 500 So. Buena Vista property line, to the Los Angeles River. The quantities of Cr VI found in the samples of H20 and H20 sludge as residue exceed the Maximum Contaminant Level (MCL) for Cr VI in drinking water and the No Significant Risk Level (NSRL) under Ca Health and Safety Code section 25249.5, et seq. Please note that page nine of the Notice dated May 22, 2009, referencing testing of this pipe's discharge beginning on April 1, 2009, should state that the testing began on May 1, 2009.

401 Watt Avenue, Sacramento, CA 95864
Tel 916.448.9800, Toll Free 800.979.5279, Fax 916.669.4499
www.kcrlegal.com

Very truly yours,

John R. Parker, Jr.

JRP:kg

cc: Administrator
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

Regional Administrator
U.S. Environmental Protection Agency, Region 9
75 Hawthorne Street
San Francisco, CA 94105

Executive Director
State Water Resources Control Board
P.O. Box 100
Sacramento, CA 95812-0100

Executive Director
California Integrated Waste Management Board
1001 "I" Street
Sacramento, CA 95814

Marsha L. Reed, Agent for Service
500 South Buena Vista Street
Burbank, CA 91521

Courtesy Copy:

Latham & Watkins, LLP
Gene A. Lucero
James L. Arnone
Charity Gilbreth

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Paul L. Abrams.

The case number on all documents filed with the Court should read as follows:

**CV09- 4045 DDP (PLAx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

C. Brooks Cutter, Esq. SBN 121407
John R. Parker, Jr., Esq., SBN 261771
Kershaw Cutter & Ratinoff, LLP
401 Watt Avenue
Sacramento, CA 95864
(916) 448-9800/(916) 669-4499 Fax

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ENVIRONMENTAL WORLD WATCH, INC.
SEE ATTACHED

PLAINTIFF(S)

v.

THE WALT DISNEY COMPANY
SEE ATTACHED

DEFENDANT(S).

CASE NUMBER

CV09-4045 DDP PLAx

SUMMONS

TO: DEFENDANT(S): ____________________

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ __________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, C. Brooks Cutter, whose address is Kershaw, Cutter & Ratinoff, 401 Watt Avenue, Sacramento, CA 95864. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUN - 5 2009

By: Natalie Longoria
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

C. Brooks Cutter, Esq, SBN 121407
E-mail: bcutter@kcrlegal.com
John R. Parker, Jr., Esq., SBN 261771
E-mail: jparker@kcrlegal.com
Kershaw Cutter & Ratinoff, LLP
401 Watt Avenue
Sacramento, CA 95864
Tel. 916-448-9800
Fax. 916-669-4499

Jack Silver, Esq. SBN 160575
E-mail: lhm28843@sbcglobal.net
Law Office of Jack Silver
Post Office Box 5469
Santa Rosa, CA 95402-5469
Tel. (707) 528-8175
Fax. (707) 528-8675

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENVIRONMENTAL WORLD WATCH, INC., DENNIS JACKSON, ROBERT HILL, ROBIN MCCALL, and WILLIAM MCCALL,<br><br>Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY, WALT DISNEY ENTERPRISES, INC., DISNEY WORLDWIDE SERVICES, INC., and DOES 1-30, Inclusive,<br><br>Defendants. | CASE NO.<br><br>**Attachment to Summons** |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

I (a) PLAINTIFFS (Check box if you are representing yourself ☐)
ENVIRONMENTAL WORLD WATCH, DENNIS JACKSON, ROBERT HILL, ROBIN MCCALL, and WILLIAM MCCALL

DEFENDANTS
THE WALT DISNEY COMPANY, WALT DISNEY ENTERPRISES, INC DISNEY WORLDWIDE SERVICES, INC., and DOES 1-30, Inclusive

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
C. Brooks Cutter, SBN 121407
John R. Parker, SBN 257761 (916) 449-9800
401 Watt Avenue, Sacramento CA 95864

Jack Silver, SBN160575
P.O. Box 5469
Santa Rosa, CA 95402

Attorneys (If Known)

II. BASIS OF JURISDICTION (Place an X in one box only.)
☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

VIA FAX

IV. ORIGIN (Place an X in one box only.)
☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

V. REQUESTED IN COMPLAINT: JURY DEMAND: ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes ☑ No ☐ MONEY DEMANDED IN COMPLAINT: $________

VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Environmental - RCRA - 42 U.S.C. 6901, et seq

VII. NATURE OF SUIT (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☑ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

FOR OFFICE USE ONLY: Case Number: CV09-4045

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

III(a). **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ____

III(b). **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s) ____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. **VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ____ **Date** June 4, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |