1  LATHAM & WATKINS LLP
       Gene A. Lucero (Bar No. 060252)
2      *Gene.Lucero@lw.com*
       Kirk A. Wilkinson (Bar No. 128367)
3      *Kirk.Wilkinson@lw.com*
    355 South Grand Avenue
4  Los Angeles, California  90071-1560
    Telephone:  (213) 485-1234
5  Facsimile:  (213) 891-8763

6  LATHAM & WATKINS LLP
       Charity M. Gilbreth (Bar No. 223504)
7      *Charity.Gilbreth@lw.com*
       Jason R. Liljestrom (Bar No. 254593)
8      *Jason.Liljestrom@lw.com*
    650 Town Center Drive, Suite 2000
9  Costa Mesa, California  92626-1925
    Telephone:  (714) 540-1235
10  Facsimile:  (714) 755-8290

11  Attorneys for Defendants THE WALT
    DISNEY COMPANY, DISNEY
12  ENTERPRISES, INC., and DISNEY
    WORLDWIDE SERVICES, INC.

13

14           UNITED STATES DISTRICT COURT

15    CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

16

| 17 ENVIRONMENTAL WORLD WATCH, INC., DENNIS JACKSON, ROBERT HILL, ROBIN McCALL, AND WILLIAM McCALL, | CASE NO. CV09-4045 DDP PLAx |
|---|---|

17  ENVIRONMENTAL WORLD
    WATCH, INC., DENNIS JACKSON,     CASE NO. CV09-4045 DDP PLAx
18  ROBERT HILL, ROBIN McCALL,
    AND WILLIAM McCALL,             **DEFENDANTS' NOTICE OF**
                                    **MOTION AND MOTION TO**
19          Plaintiffs,             **DISMISS SECOND AMENDED**
                                    **COMPLAINT FOR FAILURE TO**
20      v.                          **STATE A CLAIM AND LACK OF**
                                    **SUBJECT MATTER JURISDICTION;**
21  THE WALT DISNEY COMPANY,        **MEMORANDUM OF POINTS AND**
    WALT DISNEY ENTERPRISES,        **AUTHORITIES IN SUPPORT**
22  INC., DISNEY WORLDWIDE          **THEREOF**
    SERVICES, INC., and DOES 1
23  through 30, Inclusive,          Assigned To: Hon. Dean D. Pregerson

24          Defendants.            Ctrm:   3, Second Floor
                                   Date:   September 28, 2009
25                                 Time:   10:00 a.m.

26

27

28

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3       **PLEASE TAKE NOTICE** that on September 28, 2009 at 10:00 a.m.

4 in the Courtroom of the Honorable Dean D. Pregerson, Courtroom 3, Second

5 Floor, United States District Court, Central District of California, located at 312

6 North Spring Street, Los Angeles, California, Defendants will, and hereby do,

7 move for an Order dismissing the Second Amended Complaint ("SAC"), dated

8 August 14, 2009.  This Motion is made pursuant to Federal Rules of Civil

9 Procedure 12(b)(6) and 12(b)(1), on the grounds that the SAC fails to state a claim

10 upon which relief can be granted, and that Plaintiff Environmental World Watch,

11 Inc. has not alleged that it has standing to pursue its claims.

12       This Motion is based on this Notion of Motion and Motion to

13 Dismiss, Memorandum of Points and Authorities, Defendants' Request for Judicial

14 Notice, the Declaration of Jason R. Liljestrom and exhibits thereto, the SAC, the

15 Court's record in this matter, other documents specifically referenced in the SAC

16 and attached thereto, the arguments of counsel, and other evidence and argument

17 that may be presented prior to the Court's decision on this Motion.

18       This motion is made following a conference of counsel pursuant to

19 L.R. 7-3 on August 27, 2009.

20 Dated:  September 3, 2009       Respectfully submitted,

21             LATHAM & WATKINS LLP

22

23             By    /s/  Jason R. Liljestrom

24             Jason R. Liljestrom
             of LATHAM & WATKINS LLP

25             Attorneys for Defendant

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  INTRODUCTION ................................................................. 1

II.  ALLEGATIONS AND PROCEDURAL HISTORY .................................... 3

    A.  The Parties ................................................................. 3

    B.  History of This Litigation ................................................. 4

    C.  Plaintiffs' RCRA Notices and CWA Notices ..................................... 5

    D.  Plaintiffs' Second Amended Complaint, Asserting Claims For Violation of the RCRA and the CWA ............................. 6

III.  THIS COURT SHOULD DISMISS ALL CAUSES OF ACTION PURSUANT TO RULE 12(b)(6) BECAUSE THE SAC FAILS TO ALLEGE SPECIFIC FACTS SUFFICIENT TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ........................ 6

    A.  Plaintiffs Fail To State A Claim For Violation Of RCRA, And Therefore All RCRA Actions In The SAC Should Be Dismissed ................................................................. 7

        1.  The SAC Fails To Identify A Particular Hazardous Waste Alleged To Have Been Stored, Disposed Of, Or Dumped By Defendants ................................. 8

        2.  The SAC Also Fails To Describe The Circumstances Under Which A Hazardous Waste Was Discharged ........................................... 11

    B.  Plaintiffs Fail To State A Claim For Violation Of The CWA, And Therefore All CWA Actions In the SAC Should Be Dismissed ............................................ 12

        1.  Plaintiffs' Sixth Cause of Action Fails To State A Claim For Violation Of The CWA, 33 U.S.C. §§ 1342(a), 1311 ........................................... 12

        2.  Plaintiffs' Seventh Cause of Action Fails to State a Claim for Violation Of The CWA, 33 U.S.C. § 1342(p) ............................................. 13

IV.  PLAINTIFF EWW'S CLAIMS SHOULD BE DISMISSED UNDER RULE 12(b)(1) FOR LACK OF STANDING ........................ 14

    A.  EWW Must Demonstrate An "Injury In Fact" To Have Standing To Sue Defendant Under The Citizen Suit Provisions At Issue ......................................... 14

        1.  EWW Fails To Allege An "Injury In Fact" To

Itself As An Environmental Organization ................................ 16

2.      The SAC Fails To Allege An "Injury In Fact" To
        EWW's Members ................................................... 17

V.      THIS COURT SHOULD STAY PROCEEDINGS UNTIL
PLAINTIFF EWW SATISFIES THE JUDGMENT FROM THE
PRIOR STATE COURT ACTION ........................................................ 18

VI.     CONCLUSION ............................................................................ 18

MOTION TO DISMISS SECOND AMENDED
COMPLAINT

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009) ...................................................... 6, 7, 13

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................... 6, 7

*Brewer v. Ravan,*
    680 F.Supp. 1176 (M.D. Tenn. 1988) ................................. 7, 8, 11

*Conley v. Gibson,*
    355 U.S. 47 (1957) ................................................................. 6, 7

*Comm. to Save Mokelumne River v. E. Bay Mun. Util. Dist.,*
    13 F.3d 305 (9th Cir. 1993) ....................................................... 12

*Fairview Township v. EPA,*
    773 F.3d 517 (3d Cir. 1985) ...................................................... 16

*Friends Of The Earth, Inc. et al. v. Laidlaw Envtl. Servs. (TOC), Inc.,*
    528 U.S. 167 (1999) ................................................................. 15

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) ............................................................ 15, 17

*Sierra Club v. EPA,*
    292 F.3d 895 (D.C. Cir. 2002) ............................................. 15, 17

*Sierra Club v. Morton,*
    405 U.S. 727 (1972) ............................................................ 16, 17

*Steel Co. v. Citizens For A Better Env't,*
    523 U.S. 83 (1998) .................................................................. 14

*Warth v. Seldin,*
    422 U.S. 490 (1975) ................................................................. 16

## FEDERAL STATUTES

33 U.S.C. § 1311 ........................................................................ 12

33 U.S.C. § 1342 ........................................................................ 12

33 U.S.C. § 1362(6) .................................................................... 13

33 U.S.C. § 1365(a) .................................................................... 15

33 U.S.C. § 1365(g) .................................................................... 15

42 U.S.C. § 6903(15) .................................................................. 15

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1027419

iii

MOTION TO DISMISS SECOND AMENDED
COMPLAINT

42 U.S.C. § 6925 ................................................................................................ 8

42 U.S.C. § 6945 ................................................................................................ 8

42 U.S.C. § 6972(a)(1)(A),(B) ........................................................................ 15

40 C.F.R. 261.21 .............................................................................................. 10

40 C.F.R. 261.22 .............................................................................................. 10

40 C.F.R. 261.23 .............................................................................................. 10

40 C.F.R. 261.24 .............................................................................................. 10

40 C.F.R. 261.31 ................................................................................................ 9

FED. R. CIV. PROC. 8(a)(2) ................................................................................ 6

FED. R. CIV. PROC. 12(b)(1) .............................................................................. 1

FED. R. CIV. PROC. 12(b)(6) ........................................................................... 1, 7

FED. R. CIV. PROC. 12(e) .................................................................................... 7

FED. R. CIV. PROC. 41(d) ................................................................................. 18

LATHAM&WATKINSLLP OC\1027419
ATTORNEYS AT LAW
ORANGE COUNTY

MOTION TO DISMISS SECOND AMENDED
COMPLAINT

## I.      INTRODUCTION

Plaintiffs Environmental World Watch, Inc. ("EWW") and Dennis Jackson, Robert Hill, Robin McCall and William McCall ("Individual Plaintiffs") (together, "Plaintiffs") simply cannot maintain this action on the conclusory and implausible allegations set forth in the Second Amended Complaint ("SAC").  The SAC, incorporating by reference four separate notices of intent to sue for a combined total of more than fifty pages, still leaves the Court and Defendants The Walt Disney Company ("TWDC"), Disney Enterprises, Inc. ("DEI") and Disney Worldwide Services, Inc. ("DWS") (together, "Defendants" or "Disney") to speculate what solid or "hazardous waste" allegedly was discharged and where and when it purportedly was released during the last five years.

Not only does the SAC fail to give notice of a proper claim and the grounds for it, but the conclusory allegations make no sense.  The primary thrust of Plaintiffs' allegations appears to be that Defendants discharged air cooling water containing chromium VI ("Cr VI") from their property.  SAC, Exhibit A, pp. 25-26.  As Plaintiffs admit in the SAC, however, both the Resource Conservation and Recovery Act ("RCRA") and the Clean Water Act ("CWA") have a five-year statute of limitations.  This admission effectively negates any claim for disposal of a hazardous waste containing chromium water treatment products in violation of RCRA or the CWA, because chromium water treatment products in cooling towers were banned before Defendants' cooling towers were even constructed.  South Coast Air Quality Management District ("SCAQMD") Rule 1404 (1990) ("Rule 1404"); SAC, Exhibit A, p. 26.[1]

---

[1] In fact, Defendants' cooling towers receive their water from the City of Burbank, and the cooling tower wastewater is discharged to a sanitary sewer.  Defendants acknowledge that the Court may not consider material outside the complaint in ruling on a motion to dismiss.  For this reason, Defendants do not bring these facts to the Court's attention as grounds for dismissal.  Rather, these facts demonstrate that the SAC is devoid of the well-pleaded factual allegations necessary to support the Plaintiffs' claims.  Litigation arising out of the same

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1027419

1

MOTION TO DISMISS SECOND AMENDED
COMPLAINT

The Court need not accept as true conclusory allegations retracing statutory language.  Rather, Defendants and the Court are entitled to know <u>what</u> hazardous waste Defendants have allegedly discharged within the past five years, and <u>where</u> and <u>when</u> it allegedly was discharged.  In all its bulk, the SAC does not allege the basic facts needed to support a single cause of action under either RCRA or the CWA for at least the following reasons described in greater detail below.

- Generic references to "hazardous waste" and "discharge" are recitations of the statute, not allegations regarding what, when and where Defendants allegedly discharged anything in violation of RCRA or the CWA.

- Plaintiffs' repeated references to chrome, solvents or other constituents present at the Studio Lot does not identify a solid or "hazardous waste."  Chemicals used at a facility are not hazardous waste.  The SAC fails to specify a waste discharged by Defendants which was hazardous because it contained the constituents above the applicable concentrations in RCRA at the time it was discharged.

- Plaintiffs' references to chromium water treatment products do not provide the missing specificity regarding hazardous waste discharges within the relevant time period when Rule 1404 prohibited the use of such products in 1990 – well outside the statute of limitations.

- Plaintiffs' allegations concerning hexavalent chromium test results – taken at a storm discharge pipe near the Los Angeles River do not provide the missing specificity.  RCRA defines a hazardous waste as, among other things, a discharge that contains a specified level of a

set of vague and conclusory allegations has been ongoing for several years, including seven lawsuits and seven notices or amended notices of intent to sue filed by EWW.  Without certainty as to what exactly Defendants are alleged to have done wrong in the last five years, this seemingly endless cycle of litigation about a cooling water additive that was banned before Disney even constructed its cooling towers will be allowed to continue.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1027419

2

MOTION TO DISMISS SECOND AMENDED
COMPLAINT

particular constituent by particular analytical methods.  Plaintiffs' allegations concerning chromium tests taken with unknown analytical methods at an unspecified location away from Defendants' property, do not identify the discharge of a hazardous waste.

- Plaintiffs' reference to a variety of pipes used throughout the history of the facility does not provide the missing allegations concerning what hazardous waste was allegedly discharged, when and where in the past five years.

Accordingly, the RCRA causes of action (one through five in the SAC) should be dismissed because Plaintiffs fail to identify a "hazardous waste" that was allegedly disposed of at the Studio Lot, and fail to describe where and when the hazardous waste allegedly was disposed in the last five years.  The CWA causes of action (six and seven in the SAC) should be dismissed because Plaintiffs similarly fail to adequately allege discharge of a particular pollutant from a particular point source, and Defendants do not need a Federal National Pollutant Discharge Elimination System ("NPDES") permit in order to discharge storm water.  Finally, Plaintiff EWW lacks standing to assert all causes of action, as it fails to adequately allege injury in fact to itself as an organization or its members.

## II.   ALLEGATIONS AND PROCEDURAL HISTORY

### A.   The Parties

EWW describes itself as a company dedicated to protecting the environment and promoting human health through civil enforcement of environmental protection laws.  SAC ¶ 12.  The Individual Plaintiffs are residents of Burbank who live in the immediate vicinity of, have interest in, and use the waters and land affected by the alleged discharges at issue in this litigation.  SAC ¶ 13.  Disney is a worldwide entertainment company with headquarters located at 500 South Buena Vista Street in Burbank (the "Studio Lot").  SAC ¶ 14.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1027419

3

MOTION TO DISMISS SECOND AMENDED
COMPLAINT

**B.**     **History of This Litigation**

This litigation already has a history dating back nearly three years. On January 10, 2007, EWW and several individuals including Plaintiff Dennis Jackson, served defendant TWDC with a notice of violation, alleging that TWDC violated California's Proposition 65 by discharging wastewater containing hexavalent chromium from its Studio Lot.  Following the 2007 Prop 65 Notice, EWW filed a lawsuit in Los Angeles Superior Court against TWDC on June 1, 2007.  On August 15, 2007, that action was dismissed for failure to file a proof of service.  A few months later, on October 29, 2007, EWW filed its second lawsuit, alleging the same Proposition 65 claims.  Then, after a year of active litigation, EWW suddenly and without warning dismissed its case on November 7, 2008.[2]

Months later, on March 10, 2009, EWW and several individuals including Dennis Jackson, served Defendants with another notice of violation of Proposition 65 (the "Amended Prop 65 Notice").  On June 3, 2009, EWW and Dennis Jackson filed a third lawsuit against Defendants in Los Angeles Superior Court based on the Amended Prop 65 Notice.  In the meantime, two more state court lawsuits were filed by the same individual plaintiffs in the instant action.  On March 20, 2009, Dennis Jackson, among others, filed one, and on June 9, 2009, Robert Hill, Robin McCall, and William McCall, among others, filed a separate one.  Both suits allege a host of personal injury and nuisance causes of action arising out of the alleged discharge of cooling water from the Studio Lot.  All three actions are currently pending in Los Angeles Superior Court as related cases.

In addition to that collection of five state cases, EWW has already

---

[2] On February 5, 2009, TWDC was granted a judgment for costs, which EWW has yet to satisfy.  A true and correct copy of the Judgment of Dismissal and Award of Costs ("Cost Judgment") is attached as Exhibit ("Ex.") 1 to the Declaration of Jason R. Liljestrom ("Liljestrom Decl."), filed concurrently herewith, and is subject to judicial notice for the reasons stated in detail in Defendants' Request For Judicial Notice ("RJN"), filed concurrently herewith.  *See* RJN at pp. 2-3.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY
OC\1027419
4
MOTION TO DISMISS SECOND AMENDED
COMPLAINT

1  filed another federal action against Defendants.  On July 18, 2008, EWW served a

2  notice of intent to sue, this time alleging violations of the CWA and other federal

3  environmental laws.  That same day, EWW filed an initial complaint against

4  Defendants under seal in this Court ("EWW Action I").  EWW filed a first

5  amended complaint in EWW Action I on February 20, 2009, alleging causes of

6  action for violation of the CWA, the Clean Air Act ("CAA"), the Comprehensive

7  Environmental Response, Compensation, and Liability Act ("CERCLA") and the

8  Toxic Substances Control Act ("TSCA").  On May 12, 2009, EWW dismissed

9  EWW Action I without prejudice.

10        C.    Plaintiffs' RCRA Notices and CWA Notices

11              On May 22, 2009, less than two weeks after voluntarily dismissing

12  EWW Action I, Plaintiffs served a "Notice of Violations and Intent to File Suit

13  Under the Resource Conservation and Recovery Act" (the "May 22nd RCRA

14  Notice"), again referencing the same unspecified discharges of cooling water from

15  the Studio Lot at issue in EWW Action I.  SAC, Exhibit A, pp. 21-34.  On May 29,

16  2009, Plaintiffs sent a letter to Defendants supplementing the May 22nd RCRA

17  Notice and asserting that water samples taken from an outfall at the Los Angeles

18  River yielded an unidentified amount of Cr VI (the "May 29th RCRA Notice").

19  SAC, Exhibit A, pp. 35-36.

20              On June 3, 2009, Plaintiffs filed their initial complaint in the instant

21  action (hereinafter "EWW Action II" or "the instant action") alleging RCRA

22  violations.  On June 18, 2009, Plaintiffs served a "Second Supplemental Notice of

23  Violations and Intent to File Suit" under RCRA, asserting allegations that are

24  virtually identical to those asserted in the prior RCRA Notices.  SAC, Exhibit A,

25  pp. 37-49.  On June 24, 2009, Plaintiffs filed a first amended complaint in the

26  instant action.

27              Meanwhile, on June 1, 2009, Plaintiffs also served Defendants with a

28  "Notice of Violations and Intent to File Suit Under the Clean Water Act" (the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1027419

5

MOTION TO DISMISS SECOND AMENDED
COMPLAINT

1   "CWA Notice"), also alleging discharge of cooling wastewater from the Studio

2   Lot.  SAC, Exhibit B, pp. 50-59.

3           **D.      Plaintiffs' Second Amended Complaint, Asserting Claims For Violation of the RCRA and the CWA**

4

5           Finally, on August 14, 2009, Plaintiffs served the SAC in the instant

6   action – the operative complaint for purpose of this Motion.  Despite nearly three

7   years of litigation and the benefit of discovery, the SAC sets forth the same vague

8   and ambiguous allegations as the preceding notices and complaints – namely, that

9   Defendants have, over the years, discharged cooling water containing Cr VI

10  through well water disposal lines and pipes at the Studio Lot.  SAC, Exhibit A, p.

11  25.  In circular fashion, the SAC asserts that the violations are "detailed" in the

12  RCRA and CWA Notices, SAC ¶¶ 1, 8, but the notices fail to identify any

13  discharge of a hazardous waste or pollutant from the Studio Lot during the past

14  five years at all.

15                              **ARGUMENT**

16  **III.    THIS COURT SHOULD DISMISS ALL CAUSES OF ACTION PURSUANT TO RULE 12(b)(6) BECAUSE THE SAC FAILS TO**

17  **ALLEGE SPECIFIC FACTS SUFFICIENT TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

18

19          Recent Supreme Court case law establishes that even under liberal

20  notice pleading standards, a plaintiff must plead a <u>factual</u> predicate for his or her

21  claims.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.

22  Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d (2009).  While

23  Federal Rule of Civil Procedure ("FRCP") Rule 8(a)(2) requires only a short and

24  plain statement of the claim, a plaintiff must plead sufficient facts to "raise a right

25  to relief above the speculative level," and federal courts are encouraged to dismiss

26  actions at the pleading stage "to avoid the potentially enormous expense of

27  discovery in cases with no 'reasonably founded hope that the process will reveal

28  relevant evidence'" to support a claim.  *Twombly*, 550 U.S. at 555 (*citing Conley v.*

1   *Gibson*, 355 U.S. 41, 47 (1957)).  In order to survive a motion to dismiss for failure

2   to state a claim, a plaintiff must present more than just bare allegations and legal

3   conclusions.  As the Supreme Court emphasized in *Iqbal*:

> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . .
>
> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

12   129 S. Ct. at 1949-50 (internal citations omitted).

13          Applying the *Twombly* and *Iqbal* standard for notice pleading, the

14   SAC fails to state a claim for relief under RCRA and the CWA.  Without

15   specifying what hazardous waste was discharged, and when and where the

16   discharges took place, Defendants have not been provided fair notice of what the

17   Plaintiffs' claim is and the grounds upon which it rests.  Accordingly, the SAC

18   should be dismissed under FRCP Rule 12(b)(6).[3]

### A.   Plaintiffs Fail To State A Claim For Violation Of RCRA, And Therefore All RCRA Actions In The SAC Should Be Dismissed

21          In order to state a claim under RCRA, a plaintiff must at the very least

22   identify a "hazardous waste" alleged to have been discharged, as well as the

23   circumstances surrounding the alleged discharge.  *See Brewer v. Ravan*, 680 F.

24   Supp. 1176, 1182 (M.D. Tenn. 1988).  In *Brewer*, plaintiffs' RCRA claim alleged

25   that the defendants had stored, disposed of, and open-dumped "hazardous wastes"

---

[3] While Plaintiffs' inability to plead a coherent case should lead to a dismissal, the court at a minimum should order Plaintiffs to provide a more definite statement of their claims pursuant to FRCP 12(e).

1  in violation of 42 U.S.C. §§ 6925 and 6945.  In granting a motion to dismiss, the

2  court found these bald allegations were insufficient to state a claim under RCRA:

3       Plaintiffs' complaint . . . does not identify the particular
        "hazardous waste" defendants allegedly stored, disposed

4       of, and open-dumped, or when and under what
        circumstances defendants committed these alleged acts.

5       In short, plaintiffs' complaint simply retraces the relevant
        language of RCRA and alleges nothing more than

6       unsupported legal conclusions. . . . Because plaintiffs'
        RCRA claim is based solely on "sweeping legal

7       conclusions cast in the form of factual allegations,". . . ,
        the Court grants defendant's motion to dismiss plaintiffs'

8       RCRA claim.

9  680 F. Supp. at 1182 (internal citations and quotations omitted).  Applying *Brewer*,

10  the RCRA claims suffer from two fatal defects: 1) the SAC fails to identify a

11  particular hazardous waste; and 2) the SAC fails to identify when and under what

12  circumstances the RCRA violations occurred.

13       **1.      The SAC Fails To Identify A Particular Hazardous Waste
              Alleged To Have Been Stored, Disposed Of, Or Dumped By**

14            **Defendants**

15       The conclusory allegations of the SAC fail to identify a single

16  hazardous waste alleged to have been discharged by Defendants at the Studio Lot.

17  *See, e.g.,* SAC ¶ 30 ("DEFENDANTS have discharged or are intentionally and

18  illegally continuing to discharge hazardous waste in violation of the RCRA . . ..").

19  Without more – *i.e.*, what particular hazardous waste Defendants are alleged to

20  have discharged – this allegation "simply retraces the relevant language of RCRA"

21  in a manner that is insufficient under *Brewer*, as well *Twombly* and *Iqbal*.

22       Although the RCRA Notices incorporated in the SAC contain wide-

23  ranging allegations that date back decades, Plaintiffs fall short of identifying a

24  particular hazardous waste alleged to have been discharged from the Studio Lot in

25  the last five years.  In addition, the RCRA Notices are inconsistent.  For instance,

26  while various notices mention the use or unspecified discharge of Cr VI, PCE,

27  TCE, mercury and other solvents (SAC, Exhibit A, p. 45 (emphasis added)), the

28  May 29th RCRA Notice alleges <u>only</u> that "Chrome VI" [sic] was found during

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1027419

8

MOTION TO DISMISS SECOND AMENDED
COMPLAINT

1  Plaintiffs' testing at or near the Los Angeles River (SAC, Exhibit A, p. 35).  If

2  Plaintiffs really have a basis to allege that Defendants' cooling water constitutes a

3  hazardous waste under RCRA, they should specifically identify what constitutes

4  the waste, what makes it hazardous, and where in the last five years it has been

5  discharged.

6          a.      **Simply Alleging Chromium VI, PCE And TCE Use
                   By Defendants Does Not Sufficiently Identify A
7                  Hazardous Waste Under RCRA**

8          RCRA regulates the handling of wastes, not chemicals per se.

9  Plaintiffs' allegation that pollutants such as Cr VI, PCE and TCE "found at the

10  facility . . . constitute hazardous waste under RCRA" (SAC, Exhibit A, p. 23; *id.*,

11  Exhibit A, p. 45) is wholly conclusory and insufficient under *Brewer*.  To be a

12  "hazardous waste" subject to the regulatory requirements that the United States

13  Environmental Protection Agency ("USEPA") has issued to implement the statute,

14  a waste must either be a "listed" waste or a "characteristic" waste.  In the SAC,

15  Plaintiffs have not pled any facts which would establish that the materials

16  complained of would be either a listed hazardous waste or a characteristic

17  hazardous waste.

18          The listed hazardous wastes are very specific.  For example, the "F-

19  listings" of solvents in 40 C.F.R. 261.31, including TCE and PCE, require that the

20  solvent be used or spent and that the waste contain at least ten percent solvent.

21  Thus, simply finding TCE or PCE in groundwater does not establish the basic

22  conditions to show that one of the F-listings cover the solvent found.  Here, the

23  RCRA Notices do not provide that <u>any</u> levels of TCE and PCE were found, let

24  alone levels containing at least ten percent solvent.  *See* SAC, Exhibit A, p. 35

25  (stating that only "Chrome VI" [sic] was found during Plaintiffs' testing of the Los

26  Angeles River).

27          If a solid waste does not fit within the definitions of listed hazardous

28  waste, it may still be considered hazardous if it displays one of the four hazardous

characteristics set out in the regulations: ignitability (40 C.F.R. 261.21), reactivity (40 C.F.R. 261.23), corrosivity (40 C.F.R. 261.22), or toxicity (40 C.F.R. 261.24). For instance, for a discarded material to show toxicity, the material must contain one of the substances, such as chromium, at or above the levels set in 40 C.F.R. 261.24.  Here, Plaintiffs' only allegation regarding concentration of chromium is included in a footnote in the May 22nd Notice, stating that the quantities found in water samples or sludge samples at an unspecified discharge pipe at the Los Angeles River "exceed the Maximum Contaminant Level (MCL) for Cr VI in drinking water and the No significant Risk Level (NSRL) under Ca Health & Safety Code section 25249.5, et seq."  SAC, Exhibit A, p. 35, n.1.  Plaintiffs do not specify the methods used to obtain these unquantified results.  This general reference to other statutes does not show that the tested water contained a toxic level of Cr VI under the applicable RCRA regulations.  *See* 40 C.F.R. 261.24.

Plaintiffs' reference to testing results at the Los Angeles River does not indicate that hazardous waste was discharged by Defendants.  According to the May 29th RCRA Notice, the water was tested at an unspecified outfall to the Los Angeles River, not Defendants' property.  SAC, Exhibit A, pp. 35-36.  The water tested is not a discharge from Defendants' property, but a discharge from a Los Angeles County or City of Burbank storm drain, which could include multiple sources of storm water in the area.  Furthermore, as Plaintiffs admit in the SAC, Rule 1404 banned the use of water treatment products containing Cr VI in cooling towers in 1990.  *See* SAC, Exhibit A, p. 26; *id.*, Exhibit A, p. 42.  Under the circumstances, Disney is entitled to understand what has allegedly been discharged, and where and when those discharges occurred within the past five years.  As currently pled, the unidentified results taken by unidentified methods at a generic location some distance from the Studio Lot does not indicate a discharge of hazardous waste from Defendants' property.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1027419

10

MOTION TO DISMISS SECOND AMENDED
COMPLAINT

### 2.      The SAC Also Fails To Describe The Circumstances Under Which A Hazardous Waste Was Discharged

The SAC should also be dismissed because it fails to adequately identify when and where the disposal of hazardous waste took place.  *See Brewer*, 680 F. Supp. at 1182.  As in *Brewer*, Plaintiffs here do not adequately allege those two essential facts.  *Id.*

First, Plaintiffs vaguely allege that Defendants' conduct has been ongoing for many decades.  *See* SAC, Exhibit A, p. 24 (May 22nd RCRA Notice) ("Disposition, discharge, and release of pollutants from the facility . . . can be traced as far back as <u>1939</u>") (emphasis added); *id.* ¶ 30 ("DEFENDANTS have known of the contamination at the Site or facility identified in EXHIBITS A and B for at least <u>18 or more</u> years . . . .") (emphasis added); *id.*, Exhibit A, p. 25 (May 22nd RCRA Notice) ("[Defendants], <u>over the years</u>, added various chemicals to these cooling waters . . . .").  These allegations are entirely irrelevant.  Plaintiffs admit that the statute of limitations for RCRA actions is five years, SAC, Exhibit A, p. 24 ("the range of dates covered by this Notice is May 22, 2004, through the date of this Notice letter"), yet do not properly allege a violation during that time frame.  For each alleged RCRA violation, the SAC simply alleges that the violations occurred "every day since at least May 22, 2004" or "on numerous separate occasions," and without specifying what was discharged, and where.  *See* SAC ¶¶ 46, 59, 70.  Plaintiffs cannot cure these generic allegations by taking additional discovery.  *See Twombly*, 127 S. Ct. at 1967-69 (rejecting argument that "a wholly conclusory statement of claim" can survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some "'set of [undisclosed] facts' to support recovery") (brackets in original).

Second, Plaintiffs fail to specify where the violations occurred in the last five years.  The SAC vaguely alleges that Defendants "have installed and maintained a system of conveyances to dispose of the hazardous [waste] generated

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1027419

11

MOTION TO DISMISS SECOND AMENDED
COMPLAINT

and released from their facilities," without further describing the conveyances. SAC ¶ 62.  The RCRA Notices reference a number of pipes, without specifying which pipes were used in the last five years, and what waste was allegedly discharged out of the pipes, and when.  SAC, Exhibit A, pp. 26, 41.  The May 22nd RCRA Notice's reference to samples taken in May 2009 at a storm water discharge pipe shared by other residents of the County of Los Angeles and City of Burbank does not suffice to allege where the discharge of waste took place, as is required by *Brewer*.  Admitting that the RCRA allegations are limited to the last five years, Plaintiffs fail to identify what waste was allegedly discharged where in the last five years.

### B.  Plaintiffs Fail To State A Claim For Violation Of The CWA, And Therefore All CWA Actions In the SAC Should Be Dismissed

Plaintiffs' claims for violation of the CWA are also defective for similar reasons:  they are conclusory and implausible.

### 1.  Plaintiffs' Sixth Cause of Action Fails To State A Claim For Violation Of The CWA, 33 U.S.C. §§ 1342(a), 1311

In order to state a prima facie case for violation of the CWA, 33 U.S.C. §§ 1311, 1342, Plaintiffs must allege facts to support their claim that Defendants (1) discharged (2) a pollutant (3) from a point source (4) to navigable waters (5) without an NPDES permit.  *See Comm. to Save Mokelumne River v. E. Bay Mun. Util. Dist.*, 13 F.3d 305, 309 (9th Cir. 1993).  The SAC fails to adequately plead several of the required elements.  Like the RCRA Notices, the CWA Notice limits the range of dates of discharges to the five-year statutory period, June 1, 2004 through June 1, 2009, but does nothing more to identify any specific discharges.  *See* SAC, Exhibit B, p. 52; *id.* ¶ 36.  In fact, the substantive allegations in the SAC do little more than parrot the statutory language, which is about as defiant of *Twombly* rules as one can be.  *Compare* SAC, Exhibit B, p. 55 (CWA Notice) (alleging that "[c]onduits owned or operated by [Defendants] such

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1027419

12

MOTION TO DISMISS SECOND AMENDED
COMPLAINT

1    as sewer lines, utilities, waters, roads, storm water systems, or other services act as

2    point sources, discrete conveyances and preferential pathways and have

3    contributed to the transport and discharge of the aforementioned pollutants"), *with*

4    33 U.S.C. § 1362(6) (defining "point source" as "any discernible, confined and

5    <u>discrete conveyance</u>, including but not limited to any pipe, ditch, channel, tunnel,

6    <u>conduit</u>, well, [etc.]. . ., from which pollutants are or may be discharged")

7    (emphasis added).  Plaintiffs generally allege discharge of pollutants from a point

8    source, but do not take the necessary step of thereafter identifying the point source.

9    *See* SAC ¶ 34 ("DEFENDANTS are discharging pollutants including hexavalent

10   chromium, TCE, PCE, and other solvents and toxic metals . . . from the Site and

11   various point sources within the Site to waters of the United States").  As the

12   Supreme Court held in *Iqbal*, such "[t]hreadbare recitals of the elements of a cause

13   of action, supported by mere conclusory statements, do not suffice. . . ."  129 S. Ct.

14   at 1950.

15              **2.      Plaintiffs' Seventh Cause of Action Fails to State a Claim**
                **for Violation Of The CWA, 33 U.S.C. § 1342(p)**
16

17              In addition, Plaintiffs' Seventh Cause of Action is implausible, as

18   Plaintiffs fundamentally misunderstand the structure of the permitting system for

19   storm water discharge in California, in particular, the City of Burbank.

20   Specifically, the "State of California, California Regional Water Quality Control

21   Board Los Angeles Region, Order No. 01-182, NPDES Permit No. CAS004001,

22   Waste Discharge Requirements For Municipal Storm Water and Urban Runoff

23   Discharges Within the County of Los Angeles, and the Incorporated Cities

24   Therein, Except the City of Long Beach, December 13, 2001 (Amended on

25   September 14, 2006 by Order R4-2006-0074 and on August 9, 2007 by Order R4-

26   2007-0042)" (hereinafter, "MS4 Permit"), of which the Court may take judicial

27   notice, shows that Defendants do not need a NPDES permit for the discharge of

28

1   storm water.[4]

2        The MS4 Permit states that 84 cities within the Los Angeles County

3   Flood District, including the City of Burbank:

> [D]ischarge or contribute to discharges of storm water
> and urban runoff from municipal separate storm sewer
> systems (MS4s) . . . .  These discharges are covered under
> countywide waste discharge requirements contained in
> Order No. 96-054 . . . .  Order No. 96-054 also serves as a
> National Pollutant Discharge Elimination System
> (NPDES) permit for the discharge of municipal storm
> water.

9   Liljestrom Decl., Ex. 2, at §A (p. 6 of 80); *id.* at Part 5 (p. 68 of 80) (listing

10  Burbank as a "Permittee").  The MS4 Permit grants permittees – such as the City

11  of Burbank – adequate legal authority to "[r]equire persons within their jurisdiction

12  to comply with conditions in Permittees' . . . permits . . . (i.e. hold dischargers to its

13  MS4 accountable for their contributions of pollutants and flows)."  *Id.* at Part 3(G)

14  (p. 30 of 80).  Thus, Defendants are not required to obtain a NPDES permit to

15  discharge storm water, and Plaintiffs have not properly alleged a CWA violation.

16  **IV.   PLAINTIFF EWW'S CLAIMS SHOULD BE DISMISSED UNDER
         RULE 12(b)(1) FOR LACK OF STANDING**

17

18        Putting aside the ambiguities and conclusory allegations in the SAC,

19  one thing is clear:  this Court lacks subject-matter jurisdiction over all <u>seven</u> causes

20  of action as to EWW.  Standing is a threshold jurisdictional issue, *see Steel Co. v.*

21  *Citizens For A Better Env't*, 523 U.S. 83, 102, 118 S. Ct. 1003, 1016, 140 L. Ed.

22  2d 210, 232 (1998), and EWW does not have it.

23        **A.   EWW Must Demonstrate An "Injury In Fact" To Have Standing
              To Sue Defendant Under The Citizen Suit Provisions At Issue**

24

25        The scope of the citizen suit provisions at issue are facially broad.  For

26

27  _____
    [4] The MS4 Permit is attached as Liljestrom Decl., Ex. 2, and is subject to judicial
28      notice for the reasons set forth in detail in the RJN.  *See* RJN at pp. 3-4.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1027419

14

MOTION TO DISMISS SECOND AMENDED
COMPLAINT

1   example, the RCRA citizen suit provision provides:

> Any person may commence a civil action on his own behalf . . . (1)(A) against any person . . . who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this Act . . .; or (B) against any person . . . who has contributed to or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment . ..

42 U.S.C. § 6972(a)(1)(A),(B).[5]  However, the scope of citizen suit authority is not without boundaries.  Despite the broad statutory language, the standing requirements imposed by Article III of the United States Constitution provide an important limitation on a citizen's ability to sue.  Specifically, Article III's "injury in fact" requirement applies in suits brought under the liberal citizen suit provisions of federal environmental laws.  *See Friends Of The Earth, Inc. et al. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 704, 145 L. Ed. 2d 610, 627 (1999) (applying the injury in fact requirement to a citizen suit to enforce the CWA against a private violator and emphasizing that "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical . . .."); *Sierra Club v. EPA*, 292 F.3d 895, 898 (D.C. Cir. 2002) (denying standing in a RCRA action and emphasizing that a demonstration of injury is part of the "irreducible constitutional minimum of standing") (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351, 364 (1992)).

As an organization, EWW may have standing to seek judicial relief

---

[5] The term "person" is defined as including: "[A]n individual, . . ., corporation . . ., association, . . .."  42 U.S.C. § 6903(15).  The CWA citizen suit provision (relevant to the Sixth and Seventh causes of action) is more restrictive, conferring private enforcement authority to "any citizen," 33 U.S.C. § 1365(a), and defining "citizen" to mean "a person or persons having an interest which is or may be adversely affected," 33 U.S.C. § 1365(g).

1  for injury to itself, or, even in the absence of injury to itself, EWW may have

2  standing solely as the representative of its members.  *See Warth v. Seldin*, 422 U.S.

3  490, 511, 95 S. Ct. 2197, 2211, 45 L. ed. 2d 343, 362 (1975).  Here, EWW has

4  failed to demonstrate any injury to itself or to its members.

5          **1.     EWW Fails To Allege An "Injury In Fact" To Itself As An**

6                 **Environmental Organization**

7          A general interest in the environment is insufficient to confer standing

8  upon an environmental organization.  *See Sierra Club v. Morton*, 405 U.S. 727,

9  739-40, 92 S. Ct. 1361, 1368, 31 L. Ed. 2d 636, 646 (1972).[6]  In *Sierra Club*, the

10  only reference in the pleadings to the group's interest in the dispute was this:

11          Plaintiff Sierra Club is a non-profit corporation organized
and operating under the laws of the State of California,
12  with its principal place of business in San Francisco,
California since 1892.  Membership of the club is
13  approximately 78,000 nationally, with approximately
27,000 members residing in the San Francisco Bay Area.
14  For many years the Sierra Club by its activities and
conduct has exhibited a special interest in the
15  conservation and the sound maintenance of the national
parks, game refuges and forests of the country, regularly
16  serving as a responsible representative of persons
similarly interested.  One of the principal purposes of the
17  Sierra Club is to protect and conserve the national
resources of the Sierra Nevada Mountains. Its interests
18  would be vitally affected by the acts hereinafter
described and would be aggrieved by those acts of the
19  defendants as hereinafter more fully appears.

20  405 U.S. at 735, n.8.  The Supreme Court held this was insufficient to allege that

21  the group had been injured for constitutional standing purposes: "a mere 'interest

22  in a problem,' no matter how longstanding the interest and no matter how qualified

23  the organization is in evaluating the problem, is not sufficient . . .," and the Court

24  warned that if the group were able to commence the litigation, "there would appear

25  

26  _____

[6] Note that a portion of the *Sierra Club* opinion that is irrelevant to the analysis
27  here – whether a non-economic injury is sufficient to allege injury in fact in the
environmental context – was superseded by statute as stated in *Fairview*
28  *Township v. EPA*, 773 F.3d 517, 523 n.10 (3d Cir. 1985).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY
OC\1027419
16
MOTION TO DISMISS SECOND AMENDED
COMPLAINT

1   to be no objective basis upon which to disallow a suit by any other bona fide

2   'special interest' organization, however small or short-lived."  *Id.* at 739.

3            Here, EWW alleges nothing more than the same general interest in the

4   environment that was soundly rejected in *Sierra Club*.  The SAC states, in relevant

5   part:

6            Plaintiff Environmental World Watch, Inc. . . . is a
         company dedicated to protecting the environment,
7         promoting human health, and improving employee and
         consumer rights through civil enforcement of
8         environmental protection laws. . . .  EWW has practiced a
         policy and posture of environmental action for over ten
9         years of alerting citizens to the environmental provisions
         delineated in state and federal law while seeking
10        enforcement of the same.

11  SAC ¶ 12.  Here, as in *Sierra Club*, there are no allegations showing that EWW

12  itself has any interest above and beyond a desire to maintain the environment.

13       **2.    The SAC Fails To Allege An "Injury In Fact" To EWW's
             Members**
14

15           Absent injury to itself as an organization, at a minimum, an

16  environmental group must allege that at least one of its members would satisfy the

17  injury in fact requirement.  *See Sierra Club*, 292 F.3d at 902 (holding that

18  organization lacked standing in a RCRA action where it failed to explain how a

19  member was likely to be affected by the generation, storage or disposal of the

20  waste at issue).  Here, the SAC contains no allegations at all regarding the

21  membership of EWW, let alone any injuries suffered by the membership.  For its

22  part, EWW does allege that "EWW is acting in the public interest . . .."  SAC ¶ 12.

23  However, private plaintiffs lack standing to bring suits on behalf of such a wide

24  base of citizens, such as all citizens of a state or country, or all taxpayers.  *See, e.g.,*

25  *Defenders of Wildlife*, 504 U.S. at 573-576 (generally citing a long line of Supreme

26  Court case law that dismissed so-called "taxpayer" suits for lack of standing where

27  a plaintiff raises "only a generally available grievance . . . and seeking relief that

28  no more directly and tangibly benefits him than it does to public at large.")

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY
OC\1027419
17
MOTION TO DISMISS SECOND AMENDED
COMPLAINT

1    Thus, EWW lacks standing to pursue this action.

2  **V.   THIS COURT SHOULD STAY PROCEEDINGS UNTIL PLAINTIFF EWW SATISFIES THE JUDGMENT FROM THE PRIOR STATE**
3  **COURT ACTION**

4    At the very least, Defendants request that the Court stay the

5  proceedings until Plaintiff EWW has complied with the cost judgment imposed

6  following its voluntary dismissal of the related state court litigation in 2008.

7  Liljestrom Decl., Ex. 1; RJN at pp. 2-3.  FRCP Rule 41(d) provides the following:

8    If a plaintiff who previously dismissed an action in any
     court files an action based on or including the same claim
9    against the same defendant, the court: (1) may order the
     plaintiff to pay all or part of the costs of that previous
10   action; and (2) may <u>stay the proceedings</u> until the
     plaintiff has complied.

11

12  FED. R. CIV. PROC. 41(d) (emphasis added).  As described in Section II(B), above,

13  the instant action is based on the same basic allegations as the previously dismissed

14  state court action filed by EWW, and therefore the Court should order EWW to

15  pay the costs of the previous action, and stay the proceedings until EWW has

16  complied.

17  **VI.   CONCLUSION**

18    For the reasons set forth above, the SAC fails to state a claim against

19  Defendants, and EWW lacks standing to sue in any event.  This is the seventh

20  lawsuit filed against the Defendants since EWW served its first notice of violation

21  in January 2007, and the second amended complaint that has been filed with regard

22  to Plaintiffs' RCRA and CWA claims.  Plaintiffs nevertheless are either unable or

23  unwilling to articulate any specific facts in support of the alleged RCRA and

24  ///

25  ///

26  ///

27  ///

28  ///

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1027419

18

MOTION TO DISMISS SECOND AMENDED
COMPLAINT

1   CWA violations asserted in the SAC.  Under the circumstances, Defendants

2   respectfully request that the Court grant Defendants' motion and dismiss the SAC

3   with prejudice.

4

Dated:  September 3, 2009

5
LATHAM & WATKINS LLP

6

7   _____/s/ Jason R. Liljestrom_____

8   Jason R. Liljestrom

9   *Jason.Liljestrom@lw.com*
    650 Town Center Drive, Suite 2000

10  Costa Mesa, California  92626-1925
    Telephone:  (714) 540-1235

11  Facsimile:  (714) 755-8290

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28