UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.  CV 09-4045-DMG (PLAx)                                                    Date February 24, 2014

Title: Environmental World Watch, Inc., et al. v. The Walt Disney Company, et al.

☐ U.S. DISTRICT JUDGE
PRESENT:  THE HONORABLE    PAUL L. ABRAMS
☒ MAGISTRATE JUDGE

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFFS/NON-PARTIES:       ATTORNEYS PRESENT FOR DEFENDANT:
                    NONE                                                                                                   NONE

**PROCEEDINGS:**       (IN CHAMBERS)

On December 18, 2013, this Court issued an Order in connection with the settlement conference scheduled for February 20, 2014.  Among other things, the Order required that counsel "who will try the case" must be present.  Counsel for plaintiff Environmental World Watch ("EWW") failed to appear at the settlement conference.  The Court then ordered that counsel show cause why sanctions should not be imposed for his failure to appear at the conference. In response, the Court received EWW's "Response," which consists of a declaration from Thomas E. Kent, Esq. Mr. Kent declares that the night before the scheduled settlement conference, he was "asked to specially appear" the following day in this action.  He does not indicate who asked him to appear.  First, Mr. Kent is not listed on the Court's docket as representing any party in this action, and thus undoubtedly is not the attorney who will try this case for EWW.  The fact that he indicates he was intending to "specially appear" reinforces this conclusion.  Next, Mr. Kent declares that during his drive to the courthouse on February 20, 2014, he was "unexpectedly detained by circumstances outside [his] control."  He does not describe those circumstances, or explain why he decided that he would only attend the conference once the circumstances were resolved "if the judge so ordered," when in fact the Court had *already* ordered EWW's counsel's attendance in the December 18, 2013, Order.  Counsel's apparent desire for a second, personal order does not excuse attendance.  He apparently was "ready to appear" as of 9:24 a.m. that morning; he made the decision not to attend.  His reliance on information and advice he received from Mr. Dunlap does not excuse his failure to appear; he so relied at his own peril.

Before determining the appropriate sanctions, **current counsel** for EWW as listed on the Court's docket is **ordered to show cause, no later than March 4, 2014**, why further sanctions should not be imposed for the apparent violation of this Court's December 18, 2013, Order, which required appearance at the settlement conference by counsel who will try this case.

cc:     Counsel of Record
          William Dunlap, Doris Nichols

Initials of Deputy Clerk_____ch___

CV-90 (10/98)                                                        CIVIL  MINUTES  -  GENERAL